COVINGTON, Judge:
In the original action of this case, a suit for separation, Barbara Ann Sumrall Mc-Crae, the mother of the three small children, was awarded their custody without contest. Some few months later, it became apparent to their father, George McCrae, Jr., that the children were being mistreated and he filed a rule nisi to take custody from their mother, at the same time filing a suit for divorce on the ground of adultery. The rule nisi was tried in a lengthy and bitter trial before Honorable Leo J. Le Sueur, then acting as Judge of the Family Court. As a result, Judge Le Sueur ruled that it was in the best interest of the three children that they be taken from their mother and given unto the custody of their father, George McCrae, Jr. The issue of adultery was not tried on the merits and not decided, although adultery was an issue, in the rule nisi.
After one year elapsed from the date of the separation, the mother, Barbara Ann Sumrall McCrae (now Miller) filed a peti *159 tion for final divorce. In this action, she specifically alleged and prayed that the custody of the three minor children should be granted to their father, George Allen McCrae, Jr., and this was done by Judge Le Sueur coincidental with granting a final divorce to the mother.
The father of the children continued to live, as before, in the home of the paternal grandparents. On May 12, 1973, the children’s father died. On May IS, 1973, the grandfather, George Allen McCrae, Sr., filed a petition as intervenor asking for custody of the children, who had spent most of their lives living in his home.
A lengthy trial again was held, and all the previous evidence which had been heard only fifteen months previously, was heard again by Honorable Thomas B. Pugh. Ultimately Judge Pugh rendered judgment reversing the prior judgment of Judge Le Sueur and returning the children to the custody of their mother, Barbara Ann Sumrall McCrae Miller, she since the first trial having married her alleged paramour, Malcolm Dale Miller.
From the decision reversing the earlier decree of Judge Le Sueur, the plaintiff-in-tervenor perfected this appeal and lists essentially two specifications of error on the part of the trial court.
First, Mr. McCrae argues that the trial court erred manifestly in granting custody to the mother who had been found “unfit” and deprived of custody only 20 months previously and whose sole change in circumstances was that she had married her alleged paramour in the interim, in the face of evidence of continued unfitness and expert psychiatric testimony strongly advising against changing custody, and predicting serious harm to the children if it was changed. Secondly, he argues that the trial court erred manifestly by relying at length on testimony given by Dr. Curtis Steele in a prior totally unconnected case, readily distinguishable from the instant case on the facts, rather than on his clear and logical testimony in the record of the instant case, said reliance by the trial court being in effect a denial to appellant of his right to counsel, due process and equal protection of the laws.
At the outset, it is well to point out that the many cases cited by counsel for appellees in support of the contention that the mother is to be preferred in contests involving the custody of children have no application to the situation presented in this matter at hand. This is not a case wherein the parties are initially contesting the right of one over the other to custody. Here permanent custody has already been awarded to the father and same was terminated with his death. In a contest between a foster parent and a natural parent the sole question for the court’s consideration is whether the parent by his or her conduct has forfeited his or her parental right to the child, for it is the well established jurisprudence of this State that our courts are not authorized to interfere with a parent’s authority over their child unless the court is satisfied that the parent will neglect them, or expose them to improper influences, in which case the paramount interest which society has in seeing to it that they will be taken care of and properly brought up and would justify the court in making some other disposition of the children. State ex rel. Stokes v. Stokes, 222 So.2d 573 (La.App. 1st Cir. 1969).
The legal principles to be applied in custody proceeding were summarized in Estes v. Estes, 261 La. 20, 258 So.2d 857, as follows:
(1) The paramount consideration in determining to whom custody should be granted is always the welfare of the children. * * *
(2) The general rule is that it is in the best interest of the children of the marriage to grant custody to the mother, especially when they are of tender years. Such paramount right of the mother to custody should not be denied unless she is morally unfit *160 or otherwise unsuitable, and it is only in exceptional cases that the better interest of the children is served by changing their custody from the mother to the father.
(3) When the trial court has made a considered decree of permanent custody in the light of the above principles, even though such custody is subject to modification at any time when a change of conditions demands it, the party seeking the change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed. * * *
(4) Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof. * * *
The rule is that the natural parent has a superior right to the custody of his child unless it be shown that such right has 'been forfeited by the parent or that the parent would likely subject the child to neglect or bad influences. In Re State ex rel. Thoman, 253 La. 496, 218 So.2d 571, rehearing denied February 24, 1969.
There is ample evidence in the record to show, to a moral certainty, that the Appellee, Barbara Ann Sumrall McCrae Miller, has not forfeited her parental rights to these children. The trial judge in his “Written Reasons for Judgment” stated that:
“This court is most painfully aware in the case at bar that these children are devoted to loving grandparents and loving grandparents truly are devoted to the children. It is likewise convinced that the mother of these children is passionately devoted to the children and that they will in time be restored to her loving confidence and the maternal bosom. As the years roll by, this, it seem to me, is vital and therefore again in the ultimate best interest of these children.”
Further, an appellate court must give great weight to the trial court’s considered determination of custody. If the trial court decides which parent should best have custody for the children’s sake after it has applied correct principles of law, a reviewing court should disturb such custody determination only where there is a clear abuse of the trial court’s discretion in the matter, even though reasonable minds might differ as to the children’s best interest under the variant circumstances suggested by a particular record; Estes v. Estes, supra.
As for the Appellants’ second specification of error, the records show that Plaintiff-intervenor called Dr. Curtis Arlo Steele as its own witness. After examination by both counsels, the Court asked certain questions, and had every right to do so. The record fails to show that it was the dialogue between the Court and Dr. Steele which formulated the basis for this judgment.
For the foregoing reasons the judgment of the trial court is affirmed, the cost of this proceeding to be borne by Appellant.
Affirmed.